Jeff P. Prostok
State Bar No. 16352500
Lynda L. Lankford
State Bar No. 11935020
Clarke V. Rogers
State Bar No. 24052901
FORSHEY & PROSTOK LLP
777 Main St., Suite 1290
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151

PROPOSED ATTORNEYS FOR DEBTOR
AND DEBTOR IN POSSESSION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11 Case** |
| | § | |
| OUTSOURCE HOLDINGS, INC., | § | Case No. 11-41938-dml-11 |
| | § | |
| Debtor. | § | |

**DECLARATION IN SUPPORT OF DEBTOR'S APPLICATION FOR ORDER
AUTHORIZING THE EMPLOYMENT AND RETENTION OF FORSHEY &
PROSTOK, LLP AS ATTORNEYS FOR THE DEBTOR AS OF THE PETITION DATE**

I, JEFF P. PROSTOK, state and declare:

1. I am an attorney at law admitted to practice before this Court. I am a partner in the law firm of Forshey & Prostok, LLP ("F&P" or the "Firm") which maintains a business address at 777 Main Street, Suite 1290, Fort Worth, Texas, 76102. F&P is the proposed bankruptcy counsel for Outsource Holdings, Inc. (the "Debtor"), in connection with its chapter 11 case.

2. I make this Declaration ("Declaration") in support of the *Debtor's Application for Order Authorizing the Employment and Retention of Forshey & Prostok, LLP as Attorneys for the Debtor as of the Petition Date* (the "Application")[1] and to provide the disclosures required

---

[1] Capitalized terms used herein and not otherwise defined have the meanings ascribed to them in the Application.

-1-

under sections 328(c) and 504 of the Bankruptcy Code and Bankruptcy Rule 2014(a).

3. The facts set forth in this Declaration are personally known to me based upon personal knowledge, unless otherwise noted, and if called as a witness I would and could competently testify thereto. To the extent that any information disclosed herein requires amendment or modification, I will submit a supplemental statement to the Court.

4. The attorneys at F&P who will be primarily responsible for the representation of the Debtor will be Jeff P. Prostok, Lynda Lankford and Clarke Rogers. Additionally, the services of other attorneys or paralegals at F&P may be utilized to take advantage of available expertise and economic efficiencies. Subject to the Court's approval, F&P will charge the Debtor for legal services on an hourly basis in accordance with its ordinary and customary hourly rates as in effect on the date the applicable services are rendered. The current hourly rates charged by F&P are provided below:

|  | Range |
|---|---|
| Partners: | $525.00 |
| Associates: | $245.00 to $400.00 |
| Of Counsel: | $225.00 to $425.00 |
| Paralegals: | $150.00 to $175.00 |

The hourly rates set forth above are the standard hourly rates currently billed by the Firm to new clients for work of this nature and are subject to periodic adjustments to reflect economic and other conditions. It is the Firm's practice to seek reimbursement from its clients for all reasonable and necessary out-of-pocket expenses incurred in connection with its representation, including postage, delivery charges, photocopying charges, travel expenses, computerized research charges, transcription charges, and filing fees. F&P customarily maintains detailed

records of any actual and necessary or appropriate costs and expenses incurred in connection with the aforementioned legal services. The Firm will charge the Debtor's estates for such expenses in a manner and at rates consistent with charges made generally to F&P's other clients and consistent with normal practices within this District. F&P intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders of this Court.

5. F&P was retained by the Debtor before the Petition Date to provide legal advice to the Debtor, including restructuring and bankruptcy advice, and preparation of the requisite petitions, pleadings, exhibits, lists and schedules in connection with the commencement of the Debtor's chapter 11 case. Prior to the Petition Date, F&P provided legal services and incurred out-of-pocket expenses on behalf of the Debtor in the amount of $31,932.00. F&P received prepetition retainer from the Debtor in the amount of $25,000.00. Prior to the commencement of the Debtor's bankruptcy case, F&P drew on the retainer to cover its prepetition fees and expenses. Upon approval of the Application, F&P has agreed to voluntarily waive any claim against the Debtor for the balance of its prepetition professional fees and expenses not covered by the retainer.

6. In addition, $1,039.00 was deposited in F&P's trust account prior to the filing of the Debtor's bankruptcy case to cover the Debtor's chapter 11 filing fee.

7. F&P does not believe that it received any preferential payments, as its fees and expenses were billed and paid in the ordinary course of the Firm's business, and/or the Firm continued to provide new value to the Debtor after receiving any such payment. If F&P is approved as counsel to the Debtor, and if any such transfers are determined to be preferential, and not subject to a valid defense or offset, F&P will return the voidable transfer and will waive

any prepetition claim based upon the return of the voidable transfer.

8. Neither I, F&P, nor any member thereof, insofar as I have been able to ascertain, represents an interest materially adverse to the Debtor or the Debtor's estate in the matter upon which F&P is to be employed.

9. I believe F&P is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

10. Except as may specifically be allowed by the Bankruptcy Code, the Firm has not shared or agreed to share (a) any compensation or reimbursement of expenses it has received or may receive in these Chapter 11 cases with any person or entity, or (b) any compensation another person or entity has received or may receive in these Chapter 11 cases.

11. Except as otherwise disclosed herein, neither I, the Firm nor any professional employed by the Firm has any connections with the Debtor, creditors, or any other parties in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee. The Firm has not previously represented the Debtor except in connection with this bankruptcy case.

12. In preparing this Declaration, I or someone under my supervision and direction reviewed documents provided by the Debtor to determine whether F&P has any relationship with the parties in these chapter 11 cases. To the extent such review indicated that F&P had or has a relationship with or connection to any interested party, such relationship or connection is disclosed below.

### The Firm's Connections with Parties in Interest

13. Based on information known to date, F&P's connections with the Debtor, creditors, other parties in interest, their respective attorneys and accountants, the United States

Trustee or any person employed in the Office of the United States Trustee, are as follows:

(a) <u>Creditors and Parties in Interest</u>. Some of the Debtor's creditors may routinely appear as creditors or parties in interest in other chapter 11 cases. Consequently, the Firm may have appeared in cases with, been adverse to or been involved in transactions with some of the Debtor's creditors in other bankruptcy cases. Further, F&P may have in the past represented, may currently represent, or have other connections with certain creditors and parties in interest in matters wholly unrelated to the Debtor's case. However, F&P has never represented any creditor or party in interest in any matter relating to the Debtor. The Firm is not aware of any connection with any of these entities or individuals that would disqualify it from representing the Debtor in this matter.

(b) <u>Attorneys, accountants and other professionals; Office of the United States Trustee</u>. F&P may have worked closely with one or more attorneys, accountants and other professionals who may be creditors herein or may participate in this Chapter 11 case on behalf of the Debtor, creditors or other parties in interest. F&P has worked closely in the past with the United States Trustee and persons employed by the Office of the United States Trustee. F&P is not aware of any connection with any such person or entity which would disqualify it from representing the Debtor herein.

(c) <u>Other potential parties in interest</u>. The Firm has endeavored in good faith to determine connections it may have with the principal creditors and parties in interest in these cases based on information provided to it by the Debtor. Nevertheless, it is possible, due to the large number of creditors and other parties in interest involved in this matter, that the Firm may have other connections unrelated to this chapter 11 case with other persons or entities involved herein. However, the Firm will not represent any person or entity other than the Debtor in this case. The Firm will supplement this Declaration if the Firm becomes aware of any connection with any other party in interest that would require disclosure.

14. The disclosures above are based upon information reasonably available to F&P at the time of submission of the Application to the Bankruptcy Court. F&P will supplement this Declaration as may be required by the Bankruptcy Code and Bankruptcy Rules if and when any other connection requiring disclosure becomes known.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: April 18, 2011

/s/ Jeff P. Prostok
Jeff P. Prostok

L:\JPROSTOK\Outsource Holdings #5454\Pleadings\Declaration of Jeff Prostok in Support of App to Employ F&P.docx